Per Curiam.

There is an apparent ambiguity in the contract upon which plaintiff sues. It is not clear on the face of the .agreement whether the covenant to take plaintiff into the business as a partner and give him at least a 7% interest on his reaching twenty-five years of age is independent of or dependent upon his being considered useful for any of the purposes of the' business in the opinion of the surviving partners and his being taken into the business upon the death of George A. Georgopulo. It is to be noted that at the time the agreement was made in 1924 the plaintiff was only seventeen years of age. He might not have been immediately upon the death of George A. Georgopulo useful in the business, but it still may have been the intention of the parties that he should be taken into the busi *875 ness on reaching the age of twenty-five. Any competent and relevant evidence bearing upon the intention of the parties in making the agreement and the meaning and proper construction of the agreement should be received at the trial. Should the agreement be interpreted by the jury as contemplating that plaintiff's right to share in the business is qualified by defendant’s determination of his usefulness for any of the purposes of the business, that determination would have to be reasonably made. The agreement should not be given an interpretation to permit an arbitrary, capricious and wholly selfish determination by the defendant. Upon a retrial, the primary question which must be determined on all the evidence is whether or not the covenant to take plaintiff into the business as a partner on reaching the age of twenty-five is qualified by defendant’s considering him useful for any of the purposes of the business; and, if so, a second question will arise, whether defendant’s determination of plaintiff’s usefulness was reasonably made.
The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.
Cohn, Callahan, Peck and Van Voorhis, JJ., concur.
Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.